## Vivian Caron v. Joseph W. Betit, Commissioner, Vermont Department of Social Welfare

[300 A.2d 618]

No. 189-71

Present: Shangraw, C.J., Barney, Smith, Keyser and Daley, JJ.

Opinion Filed December 5, 1972

Motion for Reargument Denied February 6, 1973

*Putter & Carrington,* Arlington, and *Michael Meltsner, Esq.,* and *Henry Freedman, Esq.,* New York, N.Y., of counsel, for Plaintiff.

*James M. Jeffords*, Attorney General, and *Benson D. Scotch*, Assistant Attorney General, for Defendant.

**Barney, J.** This is a suit to recover attorney's fees. The plaintiff, a welfare recipient, presented her claim to the Department of Social Welfare for financial assistance to enable her to pay the fees, but her claim was rejected. This appeal followed.

The matter took shape when the plaintiff was notified by the department that she had been classified as "employable" even though she had an infant child. This classification would require her to cooperate with the department in seeking and accepting gainful employment.

She sought to challenge this reclassification and turned to Vermont Legal Aid for professional assistance. That agency declined to represent her in her hearing on the issue of her reclassification. The assistant director of Vermont Legal Aid did not overturn the decision of the Bennington staff attorney that the plaintiff had not established that she had a meritorious case, although the assistant director disagreed with that conclusion.

In the meantime the plaintiff went ahead and obtained the services of private counsel for the hearing before the Board. The Board confirmed the reclassification but suspended its operation until her next semi-annual review, as provided by department procedures. She continued to receive assistance. At the time of the review she was taken out of the "employable" classification and her assistance continued.

Her attorney presented his bill and her application for assistance to pay it followed. He also represented her before the Board with respect to his fees, and continues to represent her on this appeal. The issue is the propriety of the Department of Social Welfare's refusal to make an assistance grant to the plaintiff to pay her private attorney.

Perhaps it is important to state that, in this case, the issue is not one of denial of counsel, or of refusal to permit counsel to appear on behalf of a welfare client. The issue is the right to insist on payment for privately retained counsel. The distinction is important, since this Court has retained the

power to require attorneys to serve and protect the vital interests of uncounselled litigants where circumstances demand it. See *In re Mears,* 124 Vt. 131, 137, 198 A.2d 27 (1964).

One of the problems with the issue now before us is its *ex post facto* nature. The department is asked, after the fact, to pay a bill for services already provided, without previous notice or opportunity to see to their provision in any other manner, and without an opportunity to pass judgment, in advance, on their necessity. That payment is sought to be made without the benefit of authorization by statute or regulation. Such enactments represent the ordinary manner by which the judgment of the community as to the necessity and appropriateness of the accompanying tax burden is given legal sanction. Without a statute, justification for the payment must be found in some constitutional compulsion.

Such justification must be guardedly applied when support is found to be not in the express constitutional language, but inferentially derived. To enshrine a doctrine as a constitutional principle is, as a practical matter, to extract it from the ordinary democratic process of debate and decision and make it subject to change or correction only through the cumbersome device of constitutional amendment. Declaring a right to be constitutionally mandated has the effect of removing it from the legislative arena, as well as immediately imposing it, indiscriminately, as a binding requirement with respect to state action. It is very likely, for this reason, that there has not yet been handed down a United States Supreme Court decision requiring that there be subsidized legal counsel available in civil cases. In fact, existing law denies any such constitutional requirement. *Goldberg* v. *Kelly,* 397 U.S. 254, 270, 25 L.Ed.2d 287, 300, 90 S.Ct. 1011 (1970).

Should a change occur in the constitutional situation, issues such as the availability of legal aid services in the particular case, the need to make, to some authority, a request for legal counsel to be provided without expense to the litigant, and the necessity for such services in the particular case, would all have to be evaluated in the light of whatever constitutional standards might apply. It is most unlikely that any policy decision relating to the provision of free legal

services in civil actions will provide unrestricted employment of private counsel at the pleasure of the applicant, such as the plaintiff seeks recovery for here. If a change does come about, whether by statutory authorization or constitutional interpretation, all of the questions relating to the adequacy of available services and the manner of their provision will undoubtedly be at issue. They are not now.

*The order of the Social Welfare Board is affirmed.*

## On Motion to Reargue

**Barney, J.** Counsel for the plaintiff has called our attention to the possibility that some of the statements of fact made in the opinion appear to be directed at some contention that the services of plaintiff's counsel were unnecessary and unavailing. This is not at all the true situation, nor what was intended. To clear the matter we have first struck a misleading sentence from the opinion. Further, we are here attempting to show the scope of professional representation actually undertaken, at least insofar as we have been made aware of them.

The case did not turn on either the adequacy or the necessity of professional representation before the Social Welfare Board. The plaintiff's attorney has presented to us matters indicating that, through his professional expertise, issues were raised supporting his client's continuing receipt of benefits. Although strictly speaking, most of this was not before the Court for its consideration, we certainly wish to note for the record that counsel did provide valuable legal services in keeping with his professional function. Unfortunately, for the reasons stated in the opinion, irrespective of the worth of those services, we cannot require the Department of Social Welfare to pay, on behalf of his client, the fees which he earned in her service.

*Motion for reargument denied. Let full entry go down.*